UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VANESSA PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case No. 4:15CV719NCC |
| ) | |
| DENNIS J. BARTON, III, ) | |
| THE BARTON LAW GROUP LLC, ) | |
| CONSUMER ADJUSTMENT ) | |
| COMPANY, INC., ) | |
| and ROGER WEISS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the court is Plaintiff's "Motion to Disqualify Dennis J. Barton, III as Defense Counsel." (Doc. 35). Defendants Consumer Adjustment Company, Inc., (CACi) and Roger Weiss have filed a Response. (Doc. 39). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 23).

## BACKGROUND

In the Second Amended Class Action Complaint, brought pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., Plaintiff alleges that Defendant CACi is a collection agency, of which Defendant Weiss is

the principal officer, and that Defendant Dennis J. Barton, III, is an attorney and the registered agent for Defendant The Barton Law Group, LLC.  Plaintiff further alleges that Weiss and Attorney Barton "together concocted [a] scheme whereby Weiss or his company, CACi, would acquire debts and Barton, on behalf of Weiss, would file suits against consumers owing those debts in the name of the original creditor without disclosing the involvement of Weiss or CACi as being the real party/parties in interest."  (Doc. 22 (Second Amend. Compl.) at 2-3).

Specifically, Plaintiff alleges that, on January 19, 2015, "Defendants [presumably Attorney Barton] sent [her] a letter of representation stating his office represented 'The Washington University'"; that this statement was false because CACi, specifically Weiss, hired Attorney Barton or the Barton Law Group; that, at the time the letter was sent, Attorney Barton was representing CACi but CACi, Weiss, and Barton concealed this fact from Plaintiff; that the "letter mislead[] Plaintiff into thinking that Barton represented 'The Washington University'"; that the letter was sent at the direction of CACi and Weiss; that the letter failed to accurately state the amount of the debt; and that Defendants used the letter "in an attempt to collect more from [Plaintiff] than Plaintiff legally owe[d]."  Plaintiff seeks damages for herself and also brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  (Doc. 22 at 4-5).

In support of the pending Motion, Plaintiff contends that the court should disqualify Attorney Barton as counsel for Defendants CACi and Weiss because, as a co-defendant, Attorney Barton will testify as a witness in this case; that, therefore, Attorney Barton's representation of CACi and Weiss violates Rule 4-3.7 of the Missouri Rules of Professional Conduct; that, Attorney Barton's representation of CACi and Weiss involves a "concurrent conflict of interest" because of his personal interests in this litigation; and that, therefore, Attorney Barton's representation of CACi and Weiss violates Rule 4-1.7 of the Missouri Rules of Professional Conduct. (Doc. 35).

In response to Plaintiff's Motion, Defendants have submitted Weiss' Affidavit in which Weiss attests to the following: At the time he spoke to Attorney Barton about representing CACi and himself in this matter, Attorney Weiss explained that a conflict of interest could exist and that Attorney Barton could not represent CACi and Weiss unless Weiss signed a conflict of interest waiver; Attorney Barton told Weiss that a conflict of interest waiver was not a waiver of any claims CACi and Weiss might have against Attorney Barton or his law firm; on October 22, 2015, Attorney Barton presented Weiss with a conflict acknowledgment notice (waiver) for his review, at which time Attorney Barton again reminded Weiss that he had an option to seek the advice of another attorney to review the waiver before he signed it; and Weiss signed the waiver. (Doc. 41-

2). Defendants also have submitted a copy of the waiver signed by Weiss and Attorney Barton's affidavit, in which Attorney Barton affirms the facts to which Weiss attested in his affidavit, as set forth above. (Doc. 41-1; Doc. 41-3). Specifically, in his affidavit, Attorney Barton attests to the following: On May 8, 2015, when Weiss requested that Attorney Barton represent CACi and Weiss in this matter, Attorney Barton told Weiss that a possible conflict might arise and that Weiss had the right to have the conflict waiver reviewed by another attorney before he signed it; Attorney Barton knows no reason why his representation of CACi and Weiss is prohibited by law; and Attorney Barton reasonably believes that he is able to provide competent and diligent representation to both CACi and Weiss in this matter. (Doc. 41-3).

## DISCUSSION

As a preliminary matter, the court notes that Local Rule 83-12.02 of the United States District Court for the Eastern District of Missouri incorporates the "Code of Professional Responsibility adopted by the Supreme Court of Missouri." The Supreme Court of Missouri adopted the Rules of Professional Conduct (Model Rules), effective January 1, 1986, and this court has determined that the local rule intends to apply the Model Rules. Commonwealth Land Title Ins. Co. v. St. Johns Bank & Trust Co., 2009 WL 3069101, at *3 (E.D. Mo. Sept. 22, 2009)

4

(unpublished) (citing Harker v. Comm'r of Internal Revenue, 82 F.3d 806, 807 (8th Cir. 1996) (other citations omitted).

Further, the court is mindful that "[m]otions to disqualify counsel are subject to particularly strict judicial scrutiny given the potential for abuse by opposing counsel," United States v. Davidson, 2008 WL 1777419, at *3 (Mo. E.D. Apr. 16, 2008) (unpublished) (citing Droste v. Julien, 477 F.3d 1030, 1035 (8th Cir. 2007); Harker, 82 F.3d at 808), and that "[t]he extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary," Davidson, 2008 WL 1777419, at *3 (quoting Macheca Transp. Co. v. Philadelphia Indem. Ins. Co., 463 F.3d 827, 833 (8th Cir. 2006)). Also, as stated by this court:

> "[D]isqualification, as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary. A disqualification of counsel, while protecting the attorney-client relationship, also serves to destroy a relationship by depriving a party of representation of their own choosing." Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982). "Disqualification often results in increased expenses, delay in resolution of the proceedings, and always deprives a party of its choice of counsel." Kinzenbaw v. Case, L.L.C., 2004 WL 1146462, at *4 (N.D. Iowa May 20, 2004).

Commonwealth, 2009 WL 3069101, at *4.

With these principles in mind, the court will consider Plaintiff's Motion.

## A. Applicability of Rule 4-3.7 of the Missouri Rules of Professional Conduct:

As relevant to the pending Motion, Rule 4-3.7(a) provides:

A lawyer shall not act as advocate *at a trial* in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(emphasis added).

Plaintiff contends that Attorney Barton will be a necessary trial witness, and that, therefore, Attorney Barton's representation of CACi and Weiss violates Rule 4-3.7.

In order to disqualify an attorney as a necessary witness under Rule 4-3.7, there must be a showing that "there are things to which [the attorney] will be the only one available to testify." Davidson, 2008 WL 1777419, at *3 (internal quotation and citation omitted). As further explained by this court:

> Mere relevance and usefulness of an attorney's testimony is an insufficient basis upon which to discern whether the attorney will truly be a necessary witness. Id. To disqualify an attorney of choice by considering only the relevance of the attorney's testimony and failing to consider whether the attorney is the only witness available to testify to certain things, would constitute an abuse of discretion.

Davidson, 2008 WL 1777419, at *3 (citing Macheca, 463 F.3d at 833-34).

First, in regard to the hardship that disqualification of Attorney Barton would impose upon CACi and Weiss and the prejudice they would suffer as a result of Attorney Barton's disqualification, Attorney Barton has represented CACi and Weiss since this case was filed in May 2015. Further, as argued by Defendants,[1] CACi and Weiss would incur duplicative attorney's fees if they are forced to hire another attorney to represent them in this matter because Attorney Barton was familiar with the facts of this case and the applicable law prior to its being filed. (Doc. 39 at 4). Thus, disqualification of Attorney Barton would impose a hardship upon CACi and Weiss, and they would be prejudiced if the court were to grant Plaintiff's Motion to disqualify Attorney Barton.

Second, while Rule 4–3.7 prohibits a lawyer from acting as an advocate at *a trial* in which the lawyer is likely to be a necessary witness, "[o]n its face [it] does not apply to pre-trial proceedings." Droste, 477 F.3d at 1036. "[W]ith informed consent of the client, a lawyer who is likely to be a necessary witness may accept employment and continue to represent the client in all litigation roles short of trial advocacy." Id. at 1035. Thus, given that this matter is a class action suit and, therefore, subject to the class certification procedures of Rule 23(c) of the Federal Rules of Civil Procedure, the court finds that any disqualification of Attorney

---

[1] The Response to Plaintiff's Motion was submitted by Attorney Barton of the Barton Law Group on behalf of CACi and Weiss. Thus, it appears the Response is filed on behalf of all Defendants. (Doc. 39).

Barton at this time would be premature given the lengthy nature of pre-trial proceedings under Rule 23(c). See id. at 1036 (finding that disqualification of attorney prior to trial was an abuse of discretion).

Third, in regard to the nature of Attorney Barton's testimony, the court is mindful that the issues in this case include: (1) whether Attorney Barton represented CACi and/or Washington University, and (2) whether the collection letter sent by Attorney Barton sought more interest than was allowed by law. As for the first issue, Defendants argue that whom Attorney Barton represents is a contractual matter which can be resolved by scrutinizing the contract between CACi and Washington University and the contract between CACi and The Barton Law Group. As for the second issue, Defendants suggest that the amount of interest permitted is a matter of law and that it will not be necessary for Attorney Barton to testify about the calculation of the interest due as this issue is mathematical. (Doc. 39 at 3).

While it is possible that the issues may be resolved as suggested by Defendants, it is also possible that, at some point in the proceedings, it may become necessary for Attorney Barton to be a witness. Moreover, currently, this matter does not involve or include the assertion of any claim by CACi or Weiss against Attorney Barton or his law firm or any claim by Attorney Barton and his law firm against CACi or Weiss. Given the standard of strict judicial scrutiny, the

court finds, however, that, at this point in the proceedings, it is not absolutely clear that Attorney Barton is a necessary witness as anticipated by Rule 4-3.7.

As such, the court will deny, without prejudice, Plaintiff's Motion, to the extent she contends that Attorney Barton should be disqualified as the attorney for CACi and Weiss pursuant to Rule 4-3.7 of the Missouri Rules of Professional Conduct.

**B.    Applicability of Rule 4-1.7 of the Missouri Rules of Professional Conduct:**

Rule 4-1.7 provides:

(a) Except as provided in Rule 4-1.7(b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under Rule 4-1.7(a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

Plaintiff argues that Attorney Barton's representation of CACi and Weiss involves a concurrent conflict of interest because of his personal interest in this case, and that, therefore, his representation of CACi and Weiss violates Rule 4-1.7. (Doc. 35 at 3-4).

Attorney Barton, however, has attested to the fact that he believes he will be able to provide competent and diligent representation to CACi and Weiss (Rule 4-1.7(b)(1); Doc. 41-3); Attorney Barton has attested that he knows of no reason why his representation of CACi and Weiss is prohibited by law (Doc. 41-3), and Plaintiff has not suggested that Attorney Barton's representation of CACi and Weiss is prohibited by law (Rule 1-1.7(b)(2)); currently, this litigation does not involve the assertion of a claim by any Defendant against another Defendant (Rule 4-1.7(b)(3)); and, after being given the opportunity to consult with another attorney, Weiss has given his written informed consent to his and CACi's being represented by Attorney Barton and his law firm (Rule 4-1.7(b)(4); Doc. 41-1). It is also possible, however, that at some point in the proceedings the interests of Attorney Barton and his law firm may not be aligned with CACi and Weiss. As such, the court finds that, at this stage of the proceedings, Attorney Barton's representation of CACi and Weiss does not violate Rule 4-1.7 of the Missouri Rules of Professional Conduct and the court will, therefore, deny, without

prejudice, Plaintiff's Motion to the extent she contends Attorney Barton's representation of CACi and Weiss violates Rule 4-1.7.

## CONCLUSION

The court will deny Plaintiff's Motion to Disqualify Dennis J. Barton, III as Defense Counsel, in its entirety, without prejudice. (Doc. 35).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify Dennis J. Barton, III as Defense Counsel is **DENIED, without prejudice.** (Doc. 35);

Dated this 21st day of December 2015.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE